IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>U.S. Department of Justice<br>Environment & Natural<br>Resources Division<br>10th & Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN HONDA MOTOR<br>COMPANY, INC.,<br>1919 Torrance Blvd.<br>Torrance, CA 90501-2746<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and at the request of the Administrator of the United States Environmental Protection Agency, ("EPA"), files this complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 203, 204, 205(b), and 213(d) of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7522, 7523, 7524(b), and 7547(d), and regulations promulgated thereunder, for the assessment of civil penalties and award of injunctive relief against American Honda Motor Company, Inc. ("American Honda") for violations of the CAA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of, and the parties to, this action pursuant to CAA Section 205(b), 44 U.S.C. §7524(b); 40 C.F.R. 90.1006(b); and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this jurisdiction pursuant to CAA Section 205(b), 42 U.S.C. § 7524(b); and 40 C.F.R. 90.1006(b)(1) because the Administrator has her principal place of business here.

**DEFENDANT**

4. Defendant American Honda is incorporated under the laws of the State of California and does business in the District of Columbia. At all times relevant to this action, Defendant American Honda was a "person" as defined by CAA Section 302(e), 42 U.S.C. § 7602(e).

5. Honda Motor Company, Ltd. is a parent corporation of American Honda.

**STATUTORY AND REGULATORY BACKGROUND**

6. This action arises under Subchapter II of the CAA, as amended, CAA Sections 202 through 250, 42 U.S.C. §§ 7521 through 7590, and 40 C.F.R. Part 90.

7. CAA Section 213(a), 42 U.S.C. § 7547(a), requires the Administrator to promulgate emission standards for new nonroad engines and nonroad vehicles if the Administrator makes certain determinations establishing that such standards are necessary to protect the public health and welfare.

8. CAA Section 213(d) authorizes the Administrator to revise or promulgate regulations as may be necessary to determine compliance with and enforce standards in effect under Section 213. Section 213(d) further provides that the standards promulgated under CAA

Section 213 shall be enforced in the same manner as the standards prescribed under CAA Section 202.

9. Pursuant to CAA Section 213(a) and (d), 42 U.S.C. § 7547(a) and (d), the Administrator promulgated emission standards for nonroad spark-ignition engines with a rated power at or below 19 kilowatts and associated enforcement provisions. Those regulations are found at 40 C.F.R. Part 90.

10. Together CAA Section 203(a) and CAA Section 213(d), as well as 40 C.F.R. § 90.1003(a)(1)(ii), prohibit all persons from importing into the United States any new nonroad engine, unless such engine is covered by a certificate of conformity issued (and in effect) under the standards of 40 C.F.R. Part 90.

11. To obtain a certificate of conformity for a new nonroad engine, the manufacturer must, *inter alia*, submit an application to the Administrator, describing the engine's overall design and its emission-related components and providing emission test results that allow the Administrator to determine whether the engine design as tested conforms to the emission standards promulgated by the Administrator. 40 C.F.R. § 90.107.

12. A person who violates 40 C.F.R. § 90.1003(a)(1) is subject to a civil penalty of up to $32,500 per engine. 40 C.F.R. § 90.1006(a)(1) and (3).

13. A person who violates CAA Section 203(a) is subject to a civil penalty of up to $25,000 per engine. CAA Section 205.

14. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 the maximum statutory civil penalty for violations occurring between January 30, 1997 and March 14, 2004 is increased to $27,500 and the maximum statutory civil penalty for violations

occurring between March 15, 2004 and January 12, 2009 is increased to $32,500. 69 Fed. Reg. 7121-27 (February 13, 2004).

15. Pursuant to CAA Section 204 and 40 C.F.R. § 90.1005(a), the district courts of the United States have jurisdiction to restrain violations of CAA Section 203(a) and 40 C.F.R. § 90.1006(a)(1) and (3) respectively.

## GENERAL ALLEGATIONS

16. Defendant American Honda has imported new nonroad engines manufactured in Japan into the United States.

17. Each certificate of conformity issued to Honda Motor Company, Ltd. by EPA during the time period relevant to this Complaint provides that the certificate covers only those new engines that conform, in all material respects, to the representative test engine which provided the test results that served as the basis for EPA's decision to grant the certificate of conformity.

18. Subject to reasonable opportunity for further investigation or discovery, Defendant's representative test engines were equipped with certain emission-related engine components, including air intake systems and mufflers.

19. From August 1, 2003 to January 31, 2008, Defendant imported approximately 437,637 nonroad engines that were not equipped with the air intake box and/or muffler present on Defendant's test engines. (Hereinafter "the Subject Engines").

20. The Subject Engines have a rated power below 19 kilowatts and thus are subject to and regulated by 40 C.F.R. Part 90.

21. At least approximately 4,450 of the Subject Engines reached end users with the incorrect air intake assembly installed; these engines emitted and will continue to emit nitrogen oxides and hydrocarbons in excess of regulatory standards unless corrected

## CLAIM FOR RELIEF

Importing New Nonroad Engines Not Covered by Certificates of Conformity

22. The United States re-alleges Paragraphs 1-21 as set forth herein.

23. The Subject Engines did not conform in all material respects to the certificates of conformity issued by EPA because they were not equipped with the air filter top cap and/or air filter safety element and/or muffler installed on the representative test engines that produced the test results that served as the basis for EPA's decision to grant the certificates of conformity.

24. Defendant's importation of the Subject Engines into the United States for delivery to equipment manufacturers constitutes the importation of new nonroad engines not covered by certificates of conformity in violation of 40 C.F.R. § 90.1003(a)(1)(ii) and CAA Section 203(a).

25. Each Subject Engine not covered by a certificate of conformity and so imported is a separate violation of 40 C.F.R. § 90.1003(a)(1)(ii) and CAA Section 203(a) subjecting Defendant to penalties of up to $32,500 per engine.

## PRAYER FOR RELIEF

Wherefore, the United States respectfully demands judgment:

a. Assessing civil penalties against Defendant with respect to each engine imported in violation of 40 C.F.R. § 90.1003(a)(1)(ii) and 203(a), as alleged above, of up to $32,500 per engine;

b. Issuing a permanent injunction directing Defendant to take appropriate steps to remedy the noncompliance, including but not limited to undertaking an investigation to

determine which engines were sold to end users without the correct air intake assembly and/or muffler and remedying the nonconformity, and mitigating excess emissions resulting from the violations ;

    c.      Awarding the United States its costs and disbursements in this action; and

    d.      Granting such other and further relief as the Court deems just and proper.


        W. BENJAMIN FISHEROW
        Chief
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice


          /s/ Mark Gallagher
        MARK A. GALLAGHER
        Senior Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044
        (202) 514-5405


OF COUNSEL:

MEETU KAUL
Attorney-Advisor
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460